UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEIL K. SHAPIRO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-7449** |
| **THE AMERICAN INSURANCE COMPANY AND/OR FIREMAN'S FUND INSURANCE COMPANY** | **SECTION "S" (3)** |

## ORDER AND REASONS

**IT IS ORDERED** that the motion to remand (Rec. Doc. 4) is **GRANTED.**

## BACKGROUND

On August 29, 2007, plaintiff, Neil K. Shapiro, filed suit in Civil District Court for the Parish of Orleans against defendants, The American Insurance Company and/or Fireman's Fund Insurance Company, alleging that his property located in New Orleans, Louisiana, was insured by defendants when it suffered damage as a result of Hurricane Katrina. Shapiro further alleges that he submitted his claims for loss of use and living expenses to defendants, but defendants failed to pay him all amounts due under the policy.

Thereafter, defendants removed the case to this court arguing diversity jurisdiction under 28 U.S.C. § 1332, because Shapiro is a citizen of Louisiana and defendants are foreign non-Louisiana insurers

Shapiro has filed a motion to remand arguing that although the parties are diverse, this Court does not have diversity jurisdiction because the amount in controversy does not exceed $75,000.

## DISCUSSION

**A.     Standard of Review**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in pertinent part: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The entire record is examined for a proper understanding of the true nature of the complaint. *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir.1992).

**B.     Diversity Jurisdiction**

In Shapiro's motion to remand, he argues that the amount in controversy is not met as demonstrated in his affidavit where he explicitly states that claims against defendants do not exceed $74,999, and he affirmatively waives any right to recover any damages exceeding that amount.

In Louisiana state courts, plaintiffs are not allowed to plead a specific amount of money damages. The United States Court of Appeals for the Fifth Circuit has held that when a case in which the plaintiff has alleged an indeterminate amount of damages is removed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir.1999). This burden is satisfied by the defendant either showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount, or by presenting facts supporting a finding that the jurisdictional amount is satisfied. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

When the "facially apparent" test is not met, the court may consider summary judgment type evidence relevant to the amount in controversy as of the time of removal. *Id.* at 1336. If the

defendant meets its burden, the plaintiff can defeat removal only establishing with legal certainty that the claims do not exceed $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). The court may consider post-removal affidavits or stipulations only in limited circumstances to determine the amount in controversy as of the date of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000). Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F. 3d 335, 339 (5th Cir. 2000).

The burden is on defendants to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendants' opposition to the motion to remand is that Shapiro filed his affidavit after the case was removed. Post-removal affidavits will be considered in limited circumstances to determine the amount in controversy as of the date of removal. Defendants have not met their burden of proof that the jurisdictional amount exists, and this Court lacks diversity jurisdiction. Accordingly, the motion to remand is granted.

## CONCLUSION

The motion to remand is **GRANTED.**

New Orleans, Louisiana, this __19th__ day of December, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**